# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.W., K.W., & J.W.**

**No. 14-0118** (Mercer County 11-JA-218, 11-JA-219 & 11-JA-220)

**FILED**

September 22, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother, by counsel Thomas Fuda, appeals the Circuit Court of Mercer County's December 12, 2013, order terminating her parental, custodial, and guardianship rights to her nine-year-old son J.W.-1, her seven-year-old daughter K.W., and her four-year-old son J.W.-2.[1] The guardian ad litem for the children, Michael Cooke, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Angela Walters, filed a summary response and a supplemental appendix in support of the circuit court order. On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental, custodial, and guardianship rights because she substantially completed her improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2011, the DHHR filed an abuse and neglect petition against Petitioner Mother, alleging that she failed to provide for the physical, social, and emotional needs of her children. Specifically, the DHHR alleged that Petitioner Mother spent the family's financial resources on illegal drugs and that her substance abuse impaired her ability to properly care for her children. The petition also alleged that Petitioner Mother failed to comply with prior services to treat her drug addiction.

In March of 2012, the circuit court held an adjudicatory hearing during which the DHHR presented testimony regarding Petitioner Mother's drug addiction and domestic violence that occurred in the home. After considering the testimony, the circuit court adjudicated Petitioner Mother as an abusive and neglectful parent. Shortly thereafter, the circuit court granted Petitioner Mother a post-adjudicatory improvement period to address the underlying issues of abuse and neglect.

---

[1]Because two of the children in this case have the same initials, we have distinguished each of them using numbers 1 and 2 after their initials.

1

During the pendency of the proceedings, the circuit court held several review hearings during which the DHHR presented testimony that Petitioner Mother was compliant with the terms of her improvement period. The circuit court granted Petitioner Mother a dispositional improvement period to address additional housing issues by order entered on January 7, 2013. Prior to the dispositional hearing, the DHHR submitted a court summary indicating that Petitioner Mother stopped participating in services and refused to submit to a drug screen on September 19, 2013.

During the dispositional hearing, the circuit court heard testimony consistent with the DHHR's summary. Importantly, Petitioner Mother testified that she started using illegal substances again. Ultimately, the circuit court terminated Petitioner Mother's parental, custodial, and guardianship rights because she did not comply with her improvement period and failed to accept responsibility for the conditions of abuse and neglect. It is from this dispositional order that Petitioner Mother now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental, custodial, and guardianship rights. Petitioner Mother argues that she substantially complied with her improvement period, and that the circuit court failed to employ the least restrictive alternative pursuant to West Virginia Code § 49-6-5(a) and our holding in syllabus point one of *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).[2] However, Petitioner Mother's argument ignores our

---

[2]This Court previously held that

> [a]s a general rule the least restrictive alternative regarding parental rights to custody of a child under W.Va.Code, 49-6-5 (1977) will be employed; however, courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened,

further directions regarding termination upon findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future.

This Court has repeatedly stated that,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, *W.Va.Code,* 49–6–5 [1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under *W.Va.Code,* 49–6–5(b) [1977] that conditions of neglect or abuse can be substantially corrected." Syl. pt. 2, *In Re: R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 2, *In re Dejah P.*, 216 W.Va. 514, 607 S.E.2d 843 (2004). In this case, the circuit court found that there was no reasonable likelihood that Petitioner Mother could substantially correct the conditions of abuse and neglect in the near future. The record shows that while Petitioner Mother initially complied with the terms of her post-adjudicatory and dispositional improvement periods, she stopped participating in services and refused a drug screen on September 19, 2013. Petitioner Mother also testified that she relapsed and began using illegal substances again. Further, the circuit court found that Petitioner Mother had a serious drug problem. Importantly, even if Petitioner Mother had fully complied with the terms and conditions of her improvement periods, that, standing alone, would be insufficient to achieve reunification with her children. As we have recently held, "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014).

Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the parent can substantially correct the conditions of abuse and neglect includes one where "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child . . . ." As stated above, the evidence shows that Petitioner Mother failed to respond to services designed to remedy the conditions of abuse and neglect. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

---

and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.

Syl. Pt. 1, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

3

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: September 22, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4